JOHN FRESTON, Jr., Appellant, *v.* THE LAWRENCE CEMENT COMPANY, Respondent.

*Execution of a contract.*

A person, who by a contract undertakes to quarry, burn and deliver cement at a certain place, is required to do, at his own expense, all that is necessary to accomplish such purpose.

APPEAL by the plaintiff, John Freston, Jr., from a judgment of the Supreme Court in favor of the defendant, entered in the office

of the clerk of the county of Ulster on the 28th day of April, 1893, upon the decision of the court rendered after a trial at the Ulster Circuit dismissing the plaintiff's complaint.

The contract entered into between the parties to this suit was in the following terms:

"This contract, made and entered into at Eddyville, N. Y., this 5th day of February, 1890, between the Lawrence Cement Company, party of the first part, and John Freston, Jr:, party of the second part:

"Witnesseth, that in consideration of one dollar in hand paid, the receipt of which is hereby acknowledged, and a further consideration as hereinafter stated, the party of the second part agree with the party of the first part for the season of 1890, to quarry, burn and deliver in storehouse alongside of canal at Rosendale, N. Y., cement of good quality, and said stone to be quarried from our quarry at Rosendale, recently operated by E. T. Smith. The party of the second part is to quarry the stone so as not to endanger the quarry.

"The party of the second part does hereby agree with the party of the first part to well and faithfully perform said work in a thorough and workmanlike manner, to the satisfaction of the said party of the first part, its superintendents or agents, and upon the faithful performance of said work the said party of the first part agree to pay unto the said party of the second part the sum of twenty-nine cents (29) per barrel for all cement of good quality delivered in said storehouse at Rosendale, N. Y. Payments shall be made on or about the fifteenth [15th] day of each and every month that this contract is in force, covering the account of the previous month.

"And it is further hereby expressly understood and agreed by and between the parties hereto, that if at any time during the said season of 1890 the party of the second part abandon said work, or cease carrying out this contract as he has hereinbefore agreed to do, then said party of the first part may, at its option, terminate this contract, upon written notice to the party of the second part.

"It is further agreed and understood that the said party of the second part shall be alone responsible for any loss or damage that may occur, happen or be done to any person, persons or property,

in the prosecution of this contract, by reason of any accident or any cause whatsoever, and the party of the first part in no event shall be responsible therefor.

" The party of the second part further agrees to become responsible for all materials delivered, and to protect the said party of the first part from all mechanic or other liens.

" If at any time the operations or business of the party of the first part shall be interrupted by breaks, accidents, fires, or any other cause, or by casualties of any kind, the obligations of the said party of the first part shall cease during the period of such interruption, and the said party of the first part shall not be held liable for damages arising therefrom, and the said party of the second part shall not be held responsible to the party of the first part for like interruptions.

" The party of the second part agrees that he will not sell, assign or sublet this contract without the written consent of the party of the first part first had and obtained.

" This contract shall bind the executors and administrators of the party of the second part.

" In case of death, financial embarrassment or failure of the party of the second part, the option of continuing this contract shall rest with the party of the first part.

" The party of the first part for use only is to furnish tools and one stone drill, and the party of the second part agrees to keep the tools in repair. The party of the first part further agrees to unload off of boats what coal may be used in burning the cement.

" If for any reason the party of the first part should decide to cease operating their works at Rosendale, during the season of 1890, then the party of the first part agrees to give the party of the second part employment on their works at some other point, during the season of navigation on the canal, at a fair compensation.

" In witness whereof, the parties hereto have hereunto set their hands and seals, in triplicate, the day and year first above written.

"LAWRENCE CEMENT CO.,          [L. S.]
"By GEO. S. COUTANT,
"JOHN FRESTON, JR.          [L. S.]
" Witness :
"JOHN BRODHEAD."

*William Lounsbery*, for the appellant.

*Bernard & Van Wagonen*, for the respondent.

MAYHAM, P. J.:

There is no disputed question of fact in this case. The whole case turns upon the construction to be given to the contract under which the cement was furnished by the plaintiff.

The trial judge held that, as the plaintiff undertook to quarry, burn and deliver the cement at the dock, he was by the terms of the contract required to do, at his own expense, all that was necessary to accomplish that purpose, and that as wood and coal were needed to prepare the cement, he was required, at his own expense, to furnish the same. His monthly deliveries of cement were, therefore, properly charged in the receipts with the coal received of the defendant, and the considerations for the receipt were not open to examination.

We think his interpretation of the contract was correct and that he committed no error on the trial for which the judgment should be reversed.

No further opinion seems to be required. The judgment must be affirmed, with costs.

PUTNAM and HERRICK, JJ., concurred.

Judgment affirmed, with costs.